IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| J. MICHAEL PLEVYAK a/k/a MICHAEL J. PLEVYAK, | : | BANKRUPTCY NO.: 5-16-bk-00158-JJT |
| DEBTOR | : | |
| SOLAR INNOVATIONS, INC., | : | {**Nature of Proceeding**: Complaint Objecting to Dischargeability under 11 U.S.C. § 1328} |
| PLAINTIFF | : | |
| vs. | : | |
| J. MICHAEL PLEVYAK a/k/a MICHAEL J. PLEVYAK, | : | |
| DEFENDANT | : | **ADVERSARY NO.: 5-16-ap-00047-JJT** |

# OPINION

The Plaintiff, Solar Innovations, Inc., has filed a Complaint to Determine Dischargeability against the Defendant, J. Michael Plevyak, a Chapter 13 debtor. Its Complaint arises out of circumstances leading to a state court judgment against Plevyak in the amount of $1,182,361.31. At the time of trial on dischargeability, Solar Innovations, offered no testimony but presented a list of seven exhibits arising out of the state court litigation and culminating in judgment in favor of Solar Innovations. At the Court's request, that submission was later supplemented by the pleadings in the state case, and they can be found as attachments to Plaintiff's Supplemental Memorandum of Law at Doc. #29. While Plevyak did not object to that submission[1], he admitted authenticity but disputed relevance. Plevyak offered no evidence and the record was closed.

There was only minor focus on the issue of whether I should find in favor of Solar

---

[1] Trial Brief of the Debtor, page 2, n. 1 (Doc.# 27)

Innovations by reason of the principle of collateral estoppel. Doc. #29, page 6. Nevertheless, in the absence of any agreement or other evidence besides the state court's adjudication, I have nothing else to rely on in making my ruling.

In a nutshell, Michael Plevyak was hired by Solar Innovations to work in the fenestration industry, an architectural sub-speciality dealing with the arrangement of windows and doors in a building. Before beginning employment, he executed various documents addressing the employment contract, the company information technology policy, salary, and non-compete provisions among other things. In a 77 paragraph, eight count Amended Complaint filed in the Schuylkill County Court against Plevyak, Solar Innovations sought recovery of proprietary information and data, damages for breach of contract, conversion damages, damages for trespass to chattels, violation of Pennsylvania Uniform Trade Secrets Act, common law theft of trade secrets, interference with existing and prospective contractual relationships, and breach of contract injunctive relief. Attachment to Plaintiff's Supplemental Memorandum of Law, Doc. #29-2. Thereafter, a second Amended Complaint was filed adding six more counts to the Complaint. *Id.* at Doc. #29-5. The matter came before the County Court on a preliminary injunction and, after three days of testimony, that Court granted relief with detailed findings of fact and conclusions of law. Plaintiff's Exhibit-Tab 5 submitted 11-14-2017. Solar Innovations eventually moved for summary judgment, and it was granted by that Court as referenced aforesaid. While the hearing on the preliminary injunctions was fervently contested, the motion for summary judgment was unopposed ostensibly because Plevyak ran out of funds to pay for counsel. The record does not disclose the grounds upon which the County Court based its decision to grant summary judgment.

There is ample authority that a state court determination could collaterally estop a debtor from contesting a dischargeability complaint. *Grogan v. Garner*, 498 U.S. 279, 284, 111 S. Ct.

[K:\Cathy\Opinions-Orders filed 2018\5-16-ap-00047-JJT_Plevyak pdf]     2

Case 5:16-ap-00047-JJT    Doc 30    Filed 04/05/18    Entered 04/05/18 10:32:30    Desc
Main Document       Page 2 of 5

654, 658, 112 L. Ed. 2d 755 (1991)("[A] bankruptcy court could properly give collateral estoppel effect to those elements of the claim that are identical to the elements required for discharge and which were actually litigated and determined in the prior action."). I believe Solar Innovations is asking that I rely on the 2012 findings and conclusions of the Schuylkill Court in ruling in its favor. My concern is that these findings were made after a preliminary injunction hearing and such findings and conclusions do not normally have any *res judicata* or collateral estoppel affect on the parties. *Santoro v. Morse,* 2001 Pa.Super 223, 781 A.2d 1220, 1229 (2001). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held. . . . and the findings of fact and conclusions of law made by a court granting a preliminary injunction are not binding at trial on the merits . . . ."(citations omitted) *Univ. of Texas v. Camenisch*, 451 U.S. 390, 395, 101 S. Ct. 1830, 1834, 68 L. Ed. 2d 175 (1981).

It is true that summary judgment was eventually entered by the County Court, but this could have simply been a function of Plevyak failing to respond to the motion for summary judgment and that Court issuing judgment pursuant to Pa. R.C.P. No. 1035.3(d). In the absence of a trial on the merits, I am unable to find that the principles of collateral estoppel apply.[2]

On the other hand, it could have been the intent of the parties before me that I simply consider the County Court's findings of fact and conclusions of law as my own and rule on the dischargeability complaint based on that, without the need to create a bankruptcy record. I

---

[2]"The Pennsylvania Supreme Court has adopted the preclusion principles of the Second Restatement of Judgments. See *Schubach v. Silver*, 461 Pa. 366, 336 A.2d 328, 333 (1975); *GPU Indus.*, 628 A.2d at 1193. The Restatement provides "[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive on a subsequent action between the same parties, whether on the same or a different claim." Restatement (Second) of Judgments § 27 (1980).
    Comment e to that section states "[i]n the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated. Therefore, the rule of this Section does not apply with respect to any issue in a subsequent action." *Id*. cmt. e. Applying that rule here indicates Pennsylvania courts would not give preclusive effect, to the Common Pleas Court's orders in the foreclosure and ejectment actions because Graves did not actually litigate those cases. See *GPU Indus*, 628 A.2d at 1193." *In re Graves*, 33 F.3d 242, 248 (3d Cir. 1994).

hesitate to embrace that possible agreement in the absence of a succinct statement to that effect on the record, since there was a general objection by Plevyak to the relevancy of the pleadings submitted by Solar Innovations at the time the County Court documents were moved into evidence.

I think it would be helpful to the parties if I share with them my initial impressions regarding applicable law. Solar Innovations advances nondischargeability under three subsections of the Bankruptcy Code, 11 U.S.C. § 523(a)(2), (4), and (6). Initially, I tend to reject Solar Innovations' argument under § 523(a)(6), willful and malicious injury, because the super-discharge of Chapter 13 allows for a discharge for debt created by willful and malicious injury. 11 U.S.C. § 1328(a). To the extent Plevyak caused willful and malicious injury to Solar Innovations, such as by "sabotage," those claims would be dischargeable in Chapter 13.

Section 523(a)(2) disallows discharge for debt for money, property, or services, etc., obtained by false pretenses, false representation, or actual fraud. The definition of actual fraud has been expanded by the Supreme Court's recent decision in *Husky Int'l Elecs., Inc. v. Ritz,* 136 S.Ct. 1581, 1586, 194 L.Ed.2d 655 (2016), which stated: "[t]he term 'actual fraud' in § 523(a)(2)(A) encompasses forms of fraud, like fraudulent conveyance schemes, that can be effected without a false representation." Even if I were to consider the findings and conclusions laid out by the County Court in resolving the preliminary injunction hearing as evidence in this proceeding, the word "fraud" was never actually mentioned. The County Court did find breach of contract and theft in its preliminary findings. Breach of contract is not enough to support nondischargeability under § 523(a)(2). Intentional breaches of contract do not amount to willful and malicious injury. *Lockerby v. Sierra*, 535 F.3d 1038 (9th Cir. 2008) ("Expanding the scope of § 523(a)(6) to include contracts that are intentionally breached whenever it is substantially certain that injury will occur would severely circumscribe the ability of debtors to start afresh.")

*Id*. at 1042. If breach of contract does not result in a "willful" injury, it could hardly be characterized as supporting a finding of a false pretense, false representation, or actual fraud. What the County Court's preliminary findings suggest is that Plevyak breached a contract with Solar Innovations and committed a theft of intellectual property. At best, this may be covered under § 523(a)(4) of the Code as either embezzlement or larceny. To be more specific, § 523(a)(4) removes from discharge, debts for "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." The fiduciary capacity must be created by an express or technical trust. 4 *Collier on Bankruptcy* ¶ 523.10[d] at 523-74 (Richard Levin & Henry J. Sommer eds., 16th ed. 2017). The County Court mentioned no such trust in its findings. Its findings, however, strongly suggested that Plevyak took property from Solar Innovations. If I am allowed to rely on those preliminary findings, I would likely so find, although the amount of damages related to that activity would still be at issue.

    This is my preliminary analysis. I leave it up to the parties to argue how the evidence available to me shows otherwise. It is for these reasons that I will set argument on the dischargeability issues, and a hearing on damages should I make a finding of nondischargeability.

    My Order will follow.

By the Court,

*/s/ John J. Thomas*

John J. Thomas, Bankruptcy Judge (CMP)

Date: April 5, 2018